IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| DIANE PORTER, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO. 3:13-CV-92-MSH |
| : | Social Security Appeal |
| CAROLYN COLVIN, : | |
| Commissioner of Social Security, : | |
| : | |
| Defendant. : | |
| _____ | |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff seeking Social Security disability benefits must demonstrate that he/she suffers from an

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

impairment that prevents him/her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the Plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## Administrative Proceedings

Plaintiff applied for supplemental security income and disability insurance benefits on November 4, 2009. (Tr. 134-39, 171, ECF No. 10.) Plaintiff alleged disability as of November 1, 2008, due to numbness in her hands and legs, stomach ulcer, and depression. (*Id.*) Plaintiff's application was denied initially and on reconsideration, and Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 93-99, 107-112.) Plaintiff appeared before the ALJ on August 23, 2011. Following the hearing, the ALJ issued an unfavorable decision on January 10, 2012. (Tr. 31-42.) The Appeals Council ultimately denied Plaintiff's Request for Review on June 26, 2013. (Tr. 1-4.) This appeal followed.

## Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 33.) The ALJ found that Plaintiff had no severe impairment or combination of impairments. (*Id.*) The ALJ then determined that Plaintiff has no impairments that meet or medically equal any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 37.) Based on a review of the medical record and other evidence in this case, the ALJ determined that Plaintiff was not disabled. (Tr. 36-37.)

The ALJ continued in the alternative, however, to assess Plaintiff's residual functional capacity (RFC) as if her alleged impairments were found to be severe. (Tr. 37-40.) The ALJ found that Plaintiff would have the residual functional capacity (RFC) to

4

perform light work with added restrictions of a sit/stand option, occasional use of stairs and ramps, no climbing of ladders, ropes, or scaffolds, no work with dangerous machinery or unprotected heights, and only frequent handling and fingering with her hands. (Tr. 37.) Testimony from the vocational expert (VE) led the ALJ to conclude that Plaintiff would not be able to perform her past relevant work if she were restricted to that RFC. (Tr. 40.) Plaintiff was forty-five years old on her alleged disability onset date, which is considered to be a younger individual. (*Id*.) The ALJ found that Plaintiff had a limited education and could communicate in English. (*Id*.) Considering her education, age, work experience, and RFC, the ALJ determined that there were jobs which existed in significant numbers in the national economy which Plaintiff could perform. (*Id*.)

## ISSUES

I.   **Whether the ALJ properly determined that Plaintiff was not suffering from any "severe" impairments.**

II.  **Whether the ALJ properly considered the opinion evidence of Plaintiff's treating physician in the alternative RFC analysis.**

## DISCUSSION

I.   **Did the ALJ properly determine that Plaintiff was not suffering from any "severe" impairments?**

In her first enumeration of error, Plaintiff argues that the ALJ erred in finding that Plaintiff has no impairments that rise to the level of "severe" under the Social Security Act and regulations. (Pl.'s Br. 1, ECF No. 11.) The Commissioner responds by arguing that Plaintiff failed to prove that her impairments are severe. (Def.'s Br. 4, ECF No. 13.)

An impairment is not "severe" only if it is slight and its effect so minimal that it clearly would not be expected to interfere with an individual's ability to work, irrespective of age, education or work experience. Only trivial impairments are to be rejected and the burden of proof on the claimant is mild. *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). If a claimant cannot perform past relevant work due to an alleged impairment, the impairment is severe. *Flynn v. Heckler*, 768 F.2d 1273, 1275 (11th Cir. 1985). Given that the ALJ found in her alternative analysis that Plaintiff would, with her medically determinable impairments, be unable to return to past relevant work, the impairments must be considered severe. The ALJ consulted with a vocational expert (VE) and specifically found that "(s)upported by the testimony of a vocational expert, the claimant would be unable to perform past relevant work…" (Tr. 40.) Thus, the ALJ erred in deciding at step two that Plaintiff has no severe impairments.

However, after finding that none of Plaintiff's medically determinable impairments were severe, the ALJ proceeded to complete a full five-step alternative analysis of Plaintiff's claim for benefits. (Tr. 37-42.) Because the ALJ fully addressed Plaintiff's alleged impairments and after completing a complete RFC assessment determined that Plaintiff was capable of performing jobs which exist in significant numbers in the national economy, the error is harmless.[3]

---

[3] The regulation regarding step two of the sequential analysis states:

> If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience.

**II.     Did the ALJ properly consider the opinion evidence of Plaintiff's treating physician in the alternative RFC analysis?**

In her second enumeration of error, Plaintiff argues that the ALJ improperly assigned only "little weight" to the opinion of James Southerland, M.D., who is her treating physician.[4] It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. *Phillips v. Barnhart,* 357 F.3d 1240, 1241 (11th Cir. 2004) (quotation and citation omitted). The Eleventh Circuit has found that "good cause" exists where: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.* The Regulations state that the weight afforded a medical source's opinion on the issues of the nature and severity of a claimant's impairments is analyzed with respect to factors including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the evidence the medical source submitted to support the opinion, the consistency of the

---

20 C.F.R. § 404.1520(a)(5)(c). However, Plaintiff has not argued that the ALJ was improper in completing the five-step sequential analysis in the alternative after determining that Plaintiff had no severe impairments. Although the Court has not found any authority from the Eleventh Circuit affirming or rejecting such a discussion by an ALJ, the Court believes the harmless error doctrine should apply to such a situation. *See Delia v. Comm'r of Soc. Sec.*, 433 F. App'x 885, 887 (11th Cir. 2011); *see also Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 824-25 (11th Cir. 2010) (finding that even if an ALJ errs in failing to determine whether one of a Plaintiff's impairments was a severe impairment, the error is harmless as long as the ALJ concludes that any of the plaintiff's other impairments are severe). The Court believes the situation in the case at bar, in which the ALJ continued with the sequential analysis in the alternative to her finding that the Plaintiff has no severe limitations, is analogous. Remand should not be required if the ALJ properly completed the sequential analysis and substantial evidence supports a conclusion of no disability at step five because the final determination of non-disabled is the same.

[4]     No other issues are raised and are thus conceded or abandoned.

7

opinion with the record as a whole, and the specialty of the medical source. 20 C.F.R. §§ 416.927(c) and 404.1527(c).

As of the date of her decision, the ALJ noted that Plaintiff was treated by Dr. Southerland on a monthly basis for a number of complaints including arthritis, back and bone pain, and carpal tunnel pain and stiffness. Dr. Southerland reported on April 14, 2010 that Plaintiff lacked the physical ability to engage in full time work. (Tr. 313-16.) "Little weight" was expressly afforded to this opinion by the ALJ. (Tr. 34.) The ALJ first noted that Plaintiff had a March 2008 MRI that showed only "early degenerative disease" in the cervical spine but "no nerve root impingement or significant canal stenosis at any level." Neither was there any "cord abnormality." (Tr. 34, 245.) There is no history of referral for either pain management or physical therapy or use of an assistive device such as a back brace or a cane. (Tr. 38.)

Next, the ALJ pointed out that routine treatment notes by Dr. Southerland state that Plaintiff was not in "acute distress." (Tr. 34, 353, 356, 358.) Although a June 2011 entry stated that carpal tunnel syndrome was the primary diagnosis, nothing more than injections and prescribed medications were used to treat the malady. There is no evidence of referral to a specialist and no nerve conduction study was employed to confirm the diagnosis. Wrist braces were not prescribed by Dr. Southerland. A consultative examination by James Franklin, M.D., was conducted in February 2010 which found full 5/5 bilateral grip strength with "good ability" to perform fingering tasks such as button, zip and pick up coins. (Tr. 289-93.) Dr. Franklin found no bony deformity or muscle atrophy and intact sensation.

The ALJ's determination that Dr. Southerland's statement that Plaintiff cannot work is entitled to only "little weight" is well supported by evidence in the record as a whole.  Dr. Southerland's opinion is not bolstered by objective medical testing or any other clinical or laboratory findings, either by Dr. Southerland himself or the consultative examining physician, Dr. Franklin.  Indeed, diagnostic testing in the form of an MRI of the cervical spine was indicative of no more than mild involvement or early degenerative disease.  Dr. Southerland's April 2010 opinion that Plaintiff is disabled to work is inconsistent with his office notes made during the longitudinal record and history of his care of Plaintiff.  The ALJ did not err in affording Dr. Southerland's opinion only little weight. *Hicks v. Comm'r. of Soc. Sec.,* 479 F. App'x 294 (11th Cir. 2012).

## CONCLUSION

WHEREFORE, for the foregoing reasons, it is ORDERED that the determination of the Social Security Commissioner be AFFIRMED.

SO ORDERED, this 22nd day of April, 2014.

/s/ Stephen Hyles
UNTED STATES MAGISTRATE JUDGE

9